946 F.2d 897
 57 Fair Empl.Prac.Cas. (BNA) 360
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Keithian L. ARNOLD, Plaintiff/Appellant,
v.
K-MART CORPORATION, Defendant/Appellee.
 No. 90-3279.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 2, 1991.*
Decided Oct. 17, 1991.
Rehearing and Rehearing In Banc Denied
Nov. 13, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Keithian L. Arnold appeals the district court's dismissal of his claim brought under Title VII, 42 U.S.C. § 2000e, et seq. We have reviewed the record and we AFFIRM for the reasons stated in Judge Stiehl's attached district court order.
 
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
 
 DISTRICT OF ILLINOIS
 
 3
 KEITHIAN L. ARNOLD, Plaintiff,
 
 
 4
 v.
 
 
 5
 K-MART CORPORATION, Defendants.
 
 CAUSE NO. 90-3026-WDS
 Sept. 14, 1990
 MEMORANDUM AND ORDER
 STIEHL, District Judge:
 
 6
 Before the Court is defendant's motion to dismiss plaintiff's complaint. Plaintiff's complaint is in one count alleging a cause of action for employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. secs. 2000e-2, 2000e-5.
 
 
 7
 Plaintiff is proceeding pro se. It is well established that pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers," and should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove facts in support of his claim. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Court must regard all well-pleaded allegations as true and construe the complaint to the light most favorable to the plaintiff. Cruz v. Beto, 405 U.S. 319, 322 (1972); Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Thus, in considering the defendants' motion to dismiss, the Court will determine whether the plaintiff "is entitled to offer evidence to support his claim," and not whether he will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mescall v. Burrus, 603 F.2d 1266, 1268 (7th Cir.1979). Therefore, plaintiff's complaint will be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).
 
 
 8
 In its motion, defendant argues that plaintiff has failed to perform the conditions precedent to filing a federal court action under Title VII. Defendant argues that plaintiff has not filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and has not received a right to sue letter from the EEOC.
 
 
 9
 In Gilardi v. Schroeder, 833 F.2d 1226, 1229-33 (7th Cir.1987), the court reviewed the requirements for timely filing of discrimination charges. The court stated that 42 U.S.C. sec. 2000e-5(e) provides a charge of unlawful employment practices generally must be filed with the EEOC within one hundred eighty days of the alleged discriminatory act as a prerequisite to filing suit under Title VII.
 
 
 10
 In the case at bar, plaintiff states in paragraphs 1 and 2 of his complaint that he made no effort to file charges of discrimination with the EEOC and has not received a right to sue letter. Plaintiff's complaint further alleges that his cause of action arose in September, 1987, but the complaint was not filed until January, 1990. Thus, over one hundred eighty days elapsed without plaintiff having filed with the EEOC. Consequently, plaintiff failed to meet the statutory prerequisites for filing suit under Title VII.
 
 
 11
 The Court notes that the one hundred eighty day EEOC filing period applies:
 
 
 12
 Except that in a case of unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practices, ... such charge shall be filed on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred....
 
 
 13
 42 U.S.C. sec. 2000e-5(e). The Illinois Human Rights Commission (IHRC) is authorized to grant relief from unlawful employment practices. Therefore, Illinois is a "deferral" state whose residents are not required to file with the EEOC until three hundred days after the act of discrimination so long as they meet the statutory prerequisites for the extended filing period. Lorance v. A T & T Technologies, Inc., 827 F.2d 163, 165 n. 2 (7th Cir.1987), aff'd, 109 S.Ct. 2261 (1989). The statutory prerequisite requires that the plaintiff institute proceedings initially with the state agency. 42 U.S.C. sec. 2000e-5(e). However, according to plaintiff's complaint, he has failed to file with any state agency, and more than three hundred days have elapsed since the alleged act of discrimination.
 
 
 14
 Plaintiff has failed to comply with the statutory prerequisites of Title VII in that he has failed to file charges of discrimination with the EEOC or with the IHRC, and has not received a right to sue letter. Id. at 165-66. Consequently, plaintiff's complaint is untimely and barred by 42 U.S.C. sec. 2000e-5(e). The Court also notes that because plaintiff has failed to file with the IHRC or the EEOC, it is without jurisdiction to decide plaintiff's Title VII claim. Bullard v. Sercon Corp., 846 F.2d 463, 467-69 (7th Cir.1988) (the Court is required to enforce the Title VII requirement that plaintiff exhaust administrative remedies).
 
 
 15
 For the above stated reasons, the Court GRANTS defendant's motion to dismiss, and plaintiff's cause of action is DISMISSED with prejudice.
 
 
 16
 IT IS SO ORDERED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs